NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3515-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

WILBERT HANNAH, a/k/a RABE,

 Defendant-Appellant.
_____________________________

 Submitted March 9, 2017 – Decided May 12, 2017

 Before Judges Hoffman, O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 93-08-1826.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Thomas G. Hand, Designated
 Counsel, on the briefs).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Eric P. Knowles,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant appeals from an August 27, 2014 order denying his

petition for post-conviction relief (PCR) following an evidentiary

hearing. We affirm in part, and remand in part.
 We have outlined the relevant facts in our prior opinion

affirming defendant's conviction on direct appeal. State v.

Hannah, No. A-5022-94 (App. Div. Dec. 11, 1997), certif. denied,

153 N.J. 217 (1998). We need not repeat them here.

 Defendant's first petition for post-conviction relief was

denied by the trial court, but we remanded for an evidentiary

hearing. State v. Hannah, No. A-6424-99 (App. Div. Jan. 31, 2002).

After the evidentiary hearing, the trial court denied defendant's

first petition for PCR, and we affirmed. State v. Hannah, No. A-

6379-01 (App. Div. Nov. 7, 2003). The Court denied certification.

State v. Hannah, 178 N.J. 453 (2004).

 Defendant then brought a second petition, this time arguing

he was entitled to a new trial because the State withheld evidence,

specifically a report by Investigator Charles Lee Redd

(hereinafter Redd Report), which discussed a pager found at the

crime scene. Defendant's petition was denied. We remanded the

matter for an evidentiary hearing for the court to determine

"whether a Brady[1] violation occurred and the pager [was] newly

discovered evidence." State v. Hannah, No. A-3788-07 (App. Div.

June 19, 2009). The PCR judge conducted an evidentiary hearing

and denied defendant's petition; however, defendant argued the

1 Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d
213 (1963).

 2 A-3515-14T3
judge should have recused himself due to a conflict. We reversed

the denial of defendant's petition and remanded the matter for a

hearing before a different judge. State v. Hannah, No. A-5099-09

(App. Div. July 16, 2012).

 The matter was ultimately heard by a different judge, and

following a three-day evidentiary hearing, that judge denied

defendant's petition on August 27, 2014. This appeal followed.

 On appeal defendant argues,

 POINT I: THE TRIAL COURT ERRED IN NOT FINDING
 A BRADY VIOLATION BECAUSE THE STATE VIOLATED
 THE REQUIREMENTS OF R. 3:13-3(B)(1) AND DUE
 PROCESS WHEN IT FAILED TO PROVIDE THE DEFENSE
 WITH THE REDD REPORT.

 1. The Redd Report Was Not Provided In
 Discovery.
 2. The Redd Report Was Exculpatory.
 3. The Redd Report Was Material.

 POINT II: IF THE STATE DID PROVIDE THE REPORT
 OF DETECTIVE REDD TO THE DEFENSE, THEN DEFENSE
 COUNSEL WAS CLEARLY INEFFECTIVE IN FAILING TO
 UTILIZE IT TO ADMIT THE TESTIMONY OF MARY
 JONES AT TRIAL AND TO REBUT THE CLOSING
 ARGUMENT OF THE PROSECUTOR.

 POINT III: THE TRIAL COURT FAILED TO FOLLOW
 THE INITIAL REMAND INSTRUCTIONS ISSUED BY THE
 APPELLATE DIVISION AND ADDRESS WHETHER THE
 PAGER WAS NEWLY DISCOVERED MATERIAL.

 We have considered these arguments in light of the record and

the applicable legal standards and conclude defendant's first two

arguments are without sufficient merit to warrant discussion in a

 3 A-3515-14T3
written opinion. See R. 2:11-3(e)(2). As to these arguments, we

affirm substantially for the reasons expressed in the judge's

written opinion. As to defendant's third argument, we remand for

an evidentiary hearing to address whether the pager is newly

discovered evidence pursuant to our initial remand instructions.

 Newly discovered evidence warrants a new trial if it "places

in doubt the integrity of [the] conviction." State v. Ways, 180

N.J. 171, 187 (2004). To meet this standard, the newly discovered

evidence must meet the following three prongs: (1) it must be

"material, and not 'merely' cumulative, impeaching, or

contradictory;" (2) it must have been discovered after the trial

and "not discoverable by reasonable diligence beforehand;" and (3)

it must be evidence that "would probably change the jury's verdict

if a new trial were granted." Ibid. (quoting State v. Carter, 85

N.J. 300, 314 (1981)). If any of these elements are missing, the

motion must be denied. State v. Allen, 398 N.J. Super. 247, 258

(App. Div. 2008).

 In our 2009 opinion, we reversed and remanded defendant's PCR

petition and ordered the court to conduct an evidentiary hearing

as to whether a Brady violation occurred and if the pager was

newly discovered evidence. After a hearing on this issue, the

first PCR judge found the Redd Report did not confirm there was

an additional pager found at the crime scene despite defendant's

 4 A-3515-14T3
arguments to the contrary. However, that judge's order was

reversed and remanded to a different judge.

 The second judge presided over an evidentiary hearing

following the remand. PCR counsel argued there were two pagers.

The first was found at the scene of the crime and listed on the

Redd Report. The second, he argues, was found after the police

discovered a piece of paper containing a pager number. PCR counsel

argued the police called that number, and therefore, the pager

belonging to that number was a second pager. The second pager,

defendant argues, is the newly discovered evidence. In defendant's

opinion, the second judge determined the Redd Report was not newly

discovered evidence, but did not address whether the pager was

newly discovered evidence. We agree. As such, although we affirm

the PCR judge's determination there were no Brady violations, we

are constrained to remand solely to address whether the pager was

newly discovered evidence.

 Remanded for further findings consistent with this opinion.

We do not retain jurisdiction.

 5 A-3515-14T3